IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISRAEL BARAJAS,

      Petitioner,

vs.

CALIFORNIA BOARD OF PRISON TERMS,

      Respondent.

                           /

No. CIV S-04-2282 LKK CMK P

FINDINGS & RECOMMENDATIONS

      Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently before the court is defendant's motion to dismiss this action for failure to exhaust administrative remedies.

      The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

///

///

1

In support of defendant's motion to dismiss, defendant notes that petitioner has not presented his claims to the California Supreme Court. Instead, on his preprinted petition form which asks for the history of petitioner's habeas claims in state court, petitioner checked the "No" box to indicate that he has neither pursued nor exhausted his state court remedies. (Pet. at 3-4.) Defendants have included the results of a search of the California Appellate Court's web page, which includes a searchable database system of habeas petitions filed in the California Supreme Court, that confirms that petitioner has failed to seek state review prior to filing his federal habeas petition. (Def.'s Mot. to Dismiss, Ex. A.) Further, there is no allegation that state court remedies are no longer available to petitioner.

The court finds that petitioner has failed to exhaust state court remedies. Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2006.

  
**CRAIG M. KELLISON**  
UNITED STATES MAGISTRATE JUDGE